**AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**Timothy OLESIJUK et al., Appellees.**

No. 13882.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 20, 1961.

Rehearing Denied Jan. 17, 1962.

Beckmann, Stanard, Wood & Vance, Seagal V. Wheatley, San Antonio, for appellant.

A. P. Allison, Robert R. Barton, Kerrville, for appellees.

BARROW, Justice.

Appellees, Timothy Olesijuk and his adult son, Andrew Olesijuk, sued appellant, American Indemnity Company, the father's liability insurer, for medical expenses incurred by the adult son for treatment he received for injuries sustained when the father's car, which the policy covered, in which the son was riding as a passenger, was involved in a collision with another automobile. Both appellant and appellees moved for summary judgment. The trial court granted appellees' motion and rendered judgment in their favor for the sum of $500.00, the limit of the policy for injuries to one person.

Appellant assigns as error the action of the court in granting appellees' motion and in refusing its motion, for the reason that the medical charges for the treatment of Andrew Olesijuk were paid by the U. S. Navy and not by him, and therefore were not "incurred" by him within the meaning of the policy.

The facts in the case are undisputed. The decision of the case rests upon the meaning of the term, "all reasonable expenses incurred", or more specifically the meaning of the word "incurred" as used in the policy.

Plaintiff Timothy Olesijuk purchased a family combination automobile policy from

defendant, American Indemnity Company of Galveston, Texas, in 1959.[1]

This policy was in effect in November, 1959, when an accident occurred between the insured automobile and a truck in Kerr County, Texas. Plaintiff Andrew Olesijuk was riding as a passenger in the insured automobile which was being operated by his mother, and was injured.

At the time of the accident, Andrew Olesijuk was a physician in the United States Navy and was stationed at the United States Naval Hospital in Corpus Christi, Texas. He received treatment for his injuries from three sources in the following amounts:

1. Dr. D. E. Packard, a physician at the Sid Peterson Memorial Hospital in Kerrville, Texas—$150.00.

2. Dr. Richard D. Price, a physician in San Antonio, Texas—$100.00.

3. The Sid Peterson Memorial Hospital in Kerrville, Texas—$766.10.

Dr. Andrew Olesijuk entered the hospital on the date of the accident and was there treated by both of the above named doctors. The affidavits of the Administrator of the Hospital and the doctors show that their services were performed for Dr. Andrew Olesijuk and their charges and claims were against him. These affidavits were filed by appellant in support of its motion. The affidavits further show payment of the respective claims against Dr. Olesijuk by the United States Navy. When Dr. Olesijuk entered the hospital for treatment and received the same from the hospital and the doctors, there was created an implied contract to pay for such services, and he became liable therefor.

The word "incur" is a word of common usage and meaning. It has been defined by the courts in many cases in connection with *numerous fact situations.* Schwab v. Schlumberger Well Surveying Corp., 145 Tex. 379, 198 S.W.2d 79, 168 A.L.R. 1074; Ashe v. Youngst, 68 Tex. 123, 3 S.W. 454; Turners, Inc. v. Klaus, Tex.Civ.App., 341 S.W.2d 182; Maryland Casualty Co. v. Thomas, Tex.Civ.App., 289 S.W.2d 652; 20A Words and Phrases, p. 452. The word means to become liable to or subject to, "to bring on", "occasion", "cause", or "become liable or subject to through one's own action; bring upon oneself; as to incur liabilities or penalties." There is no dispute as to the necessity for the medical services performed or as to the reasonableness of the charges therefor. Inasmuch as Dr. Andrew Olesijuk contracted for these services with private persons and institutions and became liable for the payment of the charges therefor, such charges were incurred by him and appellant became liable to him for such expenses so incurred.

Appellant argues that inasmuch as the charges were paid by the United States Navy, and Dr. Olesijuk did not have to pay

---

1. This insurance policy contained the following material language:

"Part II—Expenses for Medical Services

"Coverage C.—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, while occupying or through being struck by an automobile;

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying (a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or (b) a non-owned autmobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer."

them, and does not now owe anything for them, the expenses were not incurred by him. Appellant relies principally on United States v. St. Paul Mercury Indemnity Co., 8 Cir., 238 F.2d 594, and Protective Industrial Insurance Company of Alabama v. Gray, 40 Ala.App. 578, 118 So.2d 289. These cases are readily distinguishable. In United States v. St. Paul Mercury Indemnity Co., supra, a World War No. 2 Veteran was treated at a veterans hospital as a charity patient under the provisions of 38 U.S.C.A. § 706 [now 38 U.S.C.A. § 610], providing free care and treatment of such veteran. The Court denied recovery based alone on the fact that under the statute such treatment was free to the veteran, therefore, he could incur no liability therefor. In Drearr v. Connecticut General Life Ins. Co., La.App., 119 So.2d 149, 153, the Court said:

"Thus the plaintiff not having incurred any expenses—indeed, he could not legally do so in a veterans' facility —has no right of recovery under the certificate of insurance issued by defendant."

In the Gray case, supra, the insured was treated at a hospital under arrangement with the State Rehabilitation Department of the State of Alabama, whereby a portion of the hospital bill was paid by the State and the balance was to be, and was handled as charity. The insured was not and could not be liable for any amount thereof. In that case the Court held: "However, as in this case, where there exists no obligation on the part of the plaintiff to pay anything, the plaintiff cannot be heard to assert a claim for items of actual hospital expense."

In the instant case the United States Navy reimbursed Dr. Olesijuk for his expenses so incurred, under the provisions of 10 U.S.C.A. § 6203, which states:

"The Secretary of the Navy shall prescribe regulations for *reimbursing*

members of the naval service for expenses of emergency or necessary medical service, including hospitalization and medicines, when the member was in a duty status at the time he received the service and the service was not available from a Federal source. For the purpose of this section, a member on leave or liberty is in a duty status. Aug. 10, 1956, c. 1041, 70A Stat. 387." (Emphasis added.)

Appellant argues that because Dr. Olesijuk has been reimbursed by the United States Navy for his expenses so incurred, he owes no debt and has suffered no loss, and consequently incurred no expenses. We do not agree. The fact that the insured has other arrangements for the reimbursement of his expenses does not operate to relieve appellant of its obligation as expressed in its contract in plain, certain and unambiguous language. See, Batchelor v. American Health Insurance Co., 234 S.C. 103, 107 S.E.2d 36. If appellant desired to limit its liability to actual loss or damage ultimately suffered by the insured, it could have and should have done so in its policy. As said by the Supreme Court in Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379: "We will certainly not write a limitation * * * into a policy where none exists."

Appellant, with permission of the Court, has belatedly filed a supplemental brief in which it cites the case of Gordon v. Fidelity & Casualty Company of New York, 238 S.C. 438, 120 S.E.2d 509. This is simply another case in which a career soldier was treated in an Army hospital where the service was free, and consequently no liability was created against the insured. The case is not in point.

The trial court correctly disposed of the case in rendering judgment against appellant. The judgment is affirmed.