DAVID C. NIBLACK State Public Defender
The State Public Defender Board has requested my opinion concerning the interpretation of sec. 977.08 (5) (f), Stats., as it relates to payment of private attorney bills for trial representation in the three counties (Douglas, Monroe, Sheboygan) that have elected to be covered under that provision. Specifically, the Board is interested in whether the state or the particular county is liable for payment of attorney fees under the following circumstances:
 (1) Cases appointed before January 1, 1981, but submitted for payment after that date, regardless of when the work was done;
 (2) Cases appointed before January 1, 1981, but submitted for payment after that date involving services performed both before and after January 1, 1981;
 (3) Cases appointed before June 30, 1981, but submitted after that date involving services performed both before and after June 30, 1981.
Section 977.08 (5)(f), Stats., created by ch. 356, sec. 31, Laws of 1979, authorized counties in which a percentage of the legal services for indigent persons were provided by the office of the State Public Defender, to elect, on or before October 1, 1980, to have all cases handled by private counsel as of January 1, 1981. Section 977.08 (5)(f), Stats., provides in part:
 Prior to January 1, 1981, the county shall establish a sum sufficient appropriation to cover its costs under this paragraph . . . . The county is liable for all costs under this chapter for trial representation, including costs under sub. (6) (b), for that county incurred between January 1, 1981, and June 30, 1981, which exceed the amount specified in this paragraph: *Page 76 
 . . . . Douglas: $53,500. . . . . Monroe: $27,200.
 . . . . Sheboygan: $57,200.
The liability of the state and the various counties subject to payment of attorneys fees under this statutory provision depends on whether costs for trial representation between January 1 and June 30, 1981, are "incurred" when private counsel is assigned, when services are performed pursuant to such authorization, or when the bill of the appointed attorney, submitted at the conclusion of the case, is finally approved and paid.
Absent a definition of "incurred" as used in the statutes involved, the term will be given its common-sense meaning, i.e., that which it has obtained in ordinary usage. Sec. 990.01 (1), Stats. In common usage, the word "incur" means to become liable to or subject to, to bring on, occasion, cause, or become liable or subject to through one's own action. American IndemnityCompany v. Olesijuk, 353 S.W.2d 71, 71 (Tex.Civ.App. 1961).
When private counsel is first appointed and assigned to the defense of a particular case, a contractual relationship is established which may result in future liability. However, that contract is to be distinguished from the liability which is subsequently incurred thereunder by act or operation of law.Boise Development Co. v. City of Boise, 26 Idaho 347, 143 P. 531
(1914).
A cost is normally "incurred" when the obligation to pay for the service received arises, even though the exact amount of that cost may not then be known and payment may be at a later date.See Standard Oil Co. v. Federal Energy Administration,465 F. Supp. 274, 280-81 (N.D. Ohio 1978). For instance, in RelianceMutual Life Insurance Co. of Ill. v. Booner, 166 So.2d 222, 224
(Fla.App. 1964), where a medical insurance policy covered medical expenses "incurred" within fifty-two weeks from the date of injury, the court granted or denied recovery for such expenses, depending on whether the medical services were performed within that period, saying: *Page 77 
 An expense is the same as a debt, and it has been incurred when liability for payment attaches. A contingent expense has been incurred when the contingency upon which the payment depends has occurred. Stuyvesant Insurance Co. of New York v. Nardelli, 5 Cir. 1961, 286 F.2d 600. The plaintiff's engagement of the services of the surgeon for his future services constituted a contingent promise to pay for his services, and the expense was not incurred until the contingency occurred, which was the surgeon's performance of the services.
See also Greenspan v. Travelers Ins. Co., 98 Misc. 2d 43,412 N.Y.S.2d 1009, 1011 (1976).
In the context of sec. 977.08 (5)(f), Stats., therefore, trial representation costs are incurred whenever services which give rise to a legal obligation to pay compensation are rendered between January 1 and June 30, 1981, even though under sec.977.08 (4), Stats., a bill including such services will not be submitted until the conclusion of the case.
BCL:JCM