**Pat FORTH, Individually and on Behalf of others Similarly Situated, Appellants,**

v.

**ALLSTATE INDEMNITY COMPANY, Appellee.**

No. 06–03–00135–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 12, 2004.

Decided Dec. 8, 2004.

Stephen Gardner, Law Office of Stephen Gardner, G. Laird Morgan, John M. Phal-

en Jr., Daniel Sheehan & Assoc, LLP, Dallas, for appellants.

Jeffrey Lennard, Sonnenschein, Nath & Rosenthal, Chicago, IL, Roger D. Higgins, Thompson, Coe, Cousins & Irons, LLP, Dallas, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

After Pat Forth's daughter was injured in an automobile accident, Forth filed claims for the resulting medical expenses with her then personal-injury-protection (PIP) insurer, Allstate Indemnity Company. Allstate paid only a portion of the claimed expenses, and Forth sued Allstate for herself and as representative of a putative class of PIP claimants. Forth asserts Allstate is arbitrary in its PIP claim practices in paying only those portions of claimed medical expenses which do not exceed those which rank at the eighty-fifth percentile of medical expenses for the same treatment or procedure in a third-party contractor's computerized database. Forth asserts Allstate should, instead, pay "reasonable" medical expenses as determined by an independent, fair evaluation. Forth amended her pleadings to remove any request for damages, leaving requests for only declaratory judgment and injunction.[1]

Forth's remaining requests include both retrospective and prospective relief. She seeks retrospective relief requiring All-state to review her past claims, and those of the putative class, using an independent and fair evaluation—not its computerized Medical Bill Review System (MBRS) and the eighty-fifth percentile standard currently used with MBRS—and to pay her, and her putative class members, what that new review shows Allstate owes them, if anything. Prospectively, Forth seeks to enjoin Allstate from using MBRS and the eighty-fifth percentile standard on future claims.

The trial court dismissed Forth's suit for lack of standing after she amended her pleadings to drop her request for money damages. We are presented with one point of error on appeal-whether the trial court erred in granting Allstate's motion to dismiss. The trial court erred if Forth has standing to seek any of the relief she requests.[2] We hold she has standing to seek the retrospective relief, concerning past claims, but not to seek prospective relief concerning Allstate's claim evaluation practices.

In the remainder of this opinion, we first explore in greater detail just what remedies Forth seeks. Then we review the concept of standing. Finally, we explain why we hold she has no standing regarding Allstate's practices as to future claims but does have standing to seek a review of past claims.

### Remedies Sought by Forth

According to her appellate brief, "Forth seeks an injunction requiring Allstate to conduct an honest, good-faith review of her actual charges without using [an] automat-

---

1. Apparently, Forth adopted her novel strategy of disclaiming money damages to make the remedies of the members of her putative class more similar and thus to keep alive her hope of having the class certified. The issue before us remains, however, whether Forth has standing to pursue the causes of action she has pled and not relinquished.

2. Although the trial court never ruled on Forth's motion to certify the putative class, the parties address Forth's standing both as an individual and as a potential representative of the putative class.

ed computer reduction program"; that is, she wants Allstate to determine the reasonableness of those charges in light of her specific situation and, once that review has been conducted, to compensate her for the loss of any benefits that should have been provided under the terms of her policy. At first, this request appears somewhat inconsistent with Forth's pleadings and engenders some confusion in the parties' arguments. After all, in addition to her request that Allstate review her claims and compensate her for lost policy benefits, Forth states both in her pleadings and in her appellate brief that she does not seek money damages either for herself or for the putative class. She also specifically requested a permanent injunction proscribing Allstate's use of MBRS to reduce claims payments absent an independent determination of the reasonableness of the charges submitted.

Allstate argues that Forth's lawsuit was properly dismissed due to a lack of standing because she expressly abandoned her prayer for damages and requested only declaratory and injunctive relief. Allstate emphasizes the prospective nature of the relief requested, pointing out that Forth cannot have standing for such relief because she is no longer an Allstate insured. True, Forth is admittedly no longer an Allstate insured. But when we construe the pleadings in Forth's favor, as we should, and consider her intent, we see that Allstate's approach addresses only a portion of the sought remedies which are before us. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). At the hearing on Forth's motion for class certification, Forth's attorney explained her position:

> The important thing here is we are seeking two overlapping but independent certifications: ... certification of this

[action] pursuant to 42(b)(2) as an injunctive class, seeking to enjoin Allstate from future practices and to order Allstate to review its prior practices with actual reasonable criteria in place. Separately, we seek damages, both that the amounts were wrongfully withheld, and independently of that, the 21.55 penalty just for the delay in payment. One doesn't overlap the other.

That explanation, plus Forth's pleadings and her argument on appeal, help us understand Forth's original attempt to obtain damages (both for delay and for withholding payment) and injunctive relief (seeking both to enjoin Allstate from its allegedly illegal practices in the future and to have re-evaluated those claims already reviewed using those practices). Now that Forth has removed the damages request, her standing to bring this action rises or falls based on the remaining remedies she has requested. First, does Forth have standing to seek prospective relief enjoining Allstate from certain practices in the future? Second, does Forth have standing to seek retrospective relief ordering Allstate to review past claims submitted under the terms of her policy and similar policies and then to pay any amount by which its payments fell short of "reasonable" expenses? We review the concept of standing and then address these two questions in turn.

*Standing*

▮▮▮ Implicit in the concept of subject-matter jurisdiction, standing is a prerequisite to maintaining a suit. It "stems from two limitations on subject matter jurisdiction: the separation of powers doctrine and, in Texas, the open courts provision." *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex.2001); *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44. As such, standing is essential to the authority of a court to decide a case,

identifies those suits appropriate for judicial resolution, and cannot be waived. *Brown,* 53 S.W.3d at 305; *Tex. Ass'n of Bus.,* 852 S.W.2d at 443, 445–46. If a plaintiff lacks standing, the trial court has no jurisdiction and must dismiss the entire case. *M.D. Anderson Cancer Ctr. v. Novak,* 52 S.W.3d 704, 707–08 (Tex.2001); *Am. Nat'l Ins. Co. v. Cannon,* 86 S.W.3d 801, 806 (Tex.App.-Beaumont 2002, no pet.).

■ A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiff to preview his or her case on the merits, but to establish a reason why the merits should never be reached. *Id.* Thus, our task is not to decide the merits of Forth's case, but rather to examine her pleadings, taking as true the facts pled, to determine whether those facts support jurisdiction in the trial court. *Penley v. Westbrook,* 146 S.W.3d 220 (Tex. App.-Fort Worth 2004, no pet. h.). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda,* 133 S.W.3d at 226; *Bland,* 34 S.W.3d at 555.

■ Unless standing is conferred by statute, a plaintiff must show an interest in a conflict distinct from that of the public at large. *Williams v. Lara,* 52 S.W.3d 171, 178 (Tex.2001). That is, "standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and 'a real controversy between the parties, which ... will be actually determined by the judicial declaration sought.'" *Brown,* 53 S.W.3d at 305 (quoting *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 517–18 (Tex.1995)).

### Forth Has No Standing as to Future Claims or Claim Practices

■ Fatal to Forth's request for prospective relief is the standing requirement that a plaintiff's alleged injury will be redressed by the judicial declaration sought. *See Brown,* 53 S.W.3d at 305. When Forth conceded she was no longer an Allstate insured, she effectively removed herself from among those who could potentially sustain future harm resulting from Allstate's ongoing claims review process. Because Forth is no longer insured by Allstate, she cannot be injured or threatened with injury by any of Allstate's future practices and, thus, would have no personal stake in any litigation that might arise from them. *See Novak,* 52 S.W.3d at 707–08.

In *Williams,* the Texas Supreme Court was asked to determine whether two former inmates had standing to pursue declaratory and injunctive relief against Tarrant County in an attempt to stop a religious education program alleged to be in violation of constitutional protections. 52 S.W.3d at 175–76. The court reasoned that, because the plaintiffs were no longer inmates, they no longer faced the allegedly unconstitutional conduct about which they complained and would, thus, not be affected by the requested relief. *Id.* at 184. Similarly, a plaintiff, who sought to enjoin a manufacturer's continuing distribution of certain health products that allegedly injured him, lacked standing because he testified he had no intention of ever again using the product. *MET–Rx USA, Inc. v. Shipman,* 62 S.W.3d 807, 810–12 (Tex.App.-Waco 2001, pet. denied).

■ Once the controversy between two parties ceases to exist, the case becomes moot. That is, "the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." *Williams,* 52 S.W.3d at 184 (quoting *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). Because Forth is no longer an Allstate insured, she has no standing to seek an injunction against Allstate's ongoing policies. That relief will not redress any injuries she suffered in the past. *See Shipman,* 62 S.W.3d at 811.

*Forth Has Standing as to Her Past Claims*

 Forth does, on the other hand, have standing to seek to require Allstate to review her previously processed claims. If she can prove her allegations—that she has suffered a distinct injury from Allstate's alleged wrong—a real controversy exists between the parties (i.e., Forth's injury is causally connected to Allstate's allegedly unlawful conduct), and the controversy will be actually determined by the judicial remedies sought. *See Brown,* 53 S.W.3d at 305. Allstate presses two principal arguments on this issue.

 Allstate first argues that, because Forth has abandoned any request for damages, she cannot seek an injunction requiring the review of earlier claims. But one can seek an injunction and declaratory relief without seeking a money judgment for damages. The question is whether she seeks redress of a justiciable issue. If Forth ultimately is awarded the relief she seeks, Allstate will be required to review her claims. She also asks that the order contain language that if, on Allstate's ordered review of her claims, Allstate determines she has not been paid a "reasonable" amount for her claims, Allstate should then pay her enough to bring her total payments from Allstate to that newly-determined reasonable total. Though that payment, if any, would not be specified in the judgment Forth now seeks,

such does not negate the fact that she has pled a justiciable controversy as to her past claim. A fair reading of her live pleading would provide her payment, not of a numerical sum reduced to judgment, but of whatever sum Allstate determines she is due, once it has reviewed her claim using the alternate method she describes.

Allstate also argues Forth does not have standing because she cannot demonstrate actual or even threatened injury. That is, even though Forth maintains that Allstate has refused to pay her medical bills in full, she has failed to allege that she has had to pay any of the disputed balance or that her medical providers have pursued her for any unpaid services. This position, however, is insupportable in light of Allstate's contractual obligations. By the terms of its own policy, Allstate agreed to pay the reasonable expenses *incurred* for necessary medical services, not those actually paid by the insured.

 The relevant portion of Forth's personal injury protection coverage benefits under her Allstate policy confirms this:

Insuring Agreement

A. We will pay Personal Injury Protection benefits because of bodily injury:
 1. resulting from a motor vehicle accident; and
 2. sustained by a covered person.
 Our payment will only be for losses or expenses *incurred* within three years from the date of the accident.

B. Personal Injury Protection benefits consist of:
 1. *Reasonable expenses incurred* for necessary medical and funeral services.

(Emphasis added.) There is no requirement under the policy that an insured first demonstrate out-of-pocket expenses or potential future liability in order to demand payment. Under the circumstances, pay-

ment is restricted only by set policy limits and the reasonableness of the expenses incurred for medical services made necessary because of bodily injury resulting from a motor vehicle accident. There is nothing in the record indicating any policy conditions have not been met beyond the disputed reasonableness of the expenses.

In Texas, PIP benefits are recoverable regardless of whether an insured has been made to pay for necessary medical services. In *Am. Indem. Co. v. Olesijuk*, 353 S.W.2d 71, 72 (Tex.Civ.App.-San Antonio 1961, writ dism'd w.o.j.), for example, a United States Navy physician suffered bodily injuries when he was involved in a motor vehicle accident. After incurring expenses for the treatment he received at a civilian hospital, the physician was reimbursed by the Navy. *Id.* at 73. The defendant insurance company argued that, because the plaintiff's treatment expenses were paid by the government, he owed no debt, suffered no loss, and consequently incurred no actual expenses. The insurer, therefore, maintained it was not obligated under its policy to pay for the already-satisfied expenses. *Id.* The court disagreed:

> The fact that the insured has other arrangements for the reimbursement of his expenses does not operate to relieve [the insurer] of its obligation as expressed in its contract in plain, certain and unambiguous language. If [the insurer] desired to limit its liability to actual loss or damage ultimately suffered by the insured, it could have and should have done so in its policy.

*Id.* (citation omitted).

In a similar case, which relied in part on *Olesijuk*, the Texas Supreme Court determined that an insurer was still obligated to pay expenses incurred despite direct payment of those expenses by Medicare. *Black v. Am. Bankers Ins. Co.*, 478 S.W.2d 434 (Tex.1972). The court noted that the word "incur" means simply to become liable and that the insured, who selected the treatment facility, "occasioned," "caused," or "brought on" the obligation to pay for the services rendered. *Id.* at 437 (citing *Olesijuk*, 353 S.W.2d at 72). The court held, as a matter of law, that, when an insured receives healthcare services, there is created an implied contract to pay for those services, and the insured is liable until he or she (or a third party) pays the bill. *Id.* The fact that an insured's action may create a derivative obligation on the part of a third party to pay or reimburse the expenses does not in any way affect the insured's obligation under the implied contract between the insured and the healthcare provider. *Id.* If a derivative obligor fails to pay, the healthcare provider would still have some legal remedy against the insured. *Id.* at 437–38.

The facts—that Forth did not have any out-of-pocket expense or that Forth's healthcare providers are now likely barred by the applicable statute of limitations from collecting from Forth the portion of her expenses left unpaid—do not change this analysis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002). The point is that Forth incurred necessary medical expenses because of bodily injuries resulting from a motor vehicle accident and that Allstate, by the terms of its own policy, agreed to pay those expenses, if reasonable. Anything less than the payment of a reasonable amount of those expenses would result in a distinct injury to Forth—that is, receiving less than the sums for which she contracted. Therefore, Forth has standing to seek a new review, using a reasonableness standard, of her claim previously reviewed by MBRS and

its eighty-fifth percentile standard.[3]

*Conclusion*

Although the trial court was correct in dismissing that portion of Forth's case addressing Allstate's use of MBRS or its methodology on future claims, it erred in granting Allstate's motion to dismiss as to its review of Forth's past claim, because Forth does have standing to pursue declaratory and injunctive relief seeking Allstate's re-evaluation of the process by which it determined the reasonableness of her personal injury protection claims. Accordingly, we vacate the trial court's order of dismissal, to the extent it covered Forth's past claims and those of the putative class, and remand for further proceedings consistent with this opinion.

---

**3.** Allstate, nevertheless, cites several opinions in support of its position that plaintiffs, in situations similar to Forth's, lack standing to sue because their alleged injuries are too speculative to form the basis of an injury in fact. *See, e.g., Noah v. Gov't Employees Ins. Co.,* No. SA–00–CA–018–WWJ (W.D.Tex. Apr. 5, 2001); *Gloria v. Allstate County Mut. Ins. Co.,* No. SA–99–CA–676–PM (W.D.Tex. Sept. 29, 2000); *Smith v. Allied Group, Inc.,* No. 2000–CV–822 (Colo.Dist.Ct. Jan. 25, 2002); *LaMothe v. Auto Club Ins. Ass'n,* 214 Mich. App. 577, 543 N.W.2d 42 (1995); *McGill v. Auto. Ass'n of Mich.,* 207 Mich.App. 402, 526 N.W.2d 12 (1994); *Kinnard v. Allstate Ins. Co.,* No. 992–00812 (Mo.Cir.Ct. Nov. 15, 1999). Most of these cases are unreported, and they are neither binding on this Court nor do they comport with Texas law.