In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00135-CV
______________________________


PAT FORTH, INDIVIDUALLY AND ON BEHALF OF 
OTHERS SIMILARLY SITUATED, Appellants
 
V.
 
ALLSTATE INDEMNITY COMPANY, Appellee


                                              

On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court No. DV99-08165-C


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            After Pat Forth's daughter was injured in an automobile accident, Forth filed claims for the
resulting medical expenses with her then personal-injury-protection (PIP) insurer, Allstate Indemnity
Company. Allstate paid only a portion of the claimed expenses, and Forth sued Allstate for herself
and as representative of a putative class of PIP claimants. Forth asserts Allstate is arbitrary in its PIP
claim practices in paying only those portions of claimed medical expenses which do not exceed those
which rank at the eighty-fifth percentile of medical expenses for the same treatment or procedure in
a third-party contractor's computerized database. Forth asserts Allstate should, instead, pay
"reasonable" medical expenses as determined by an independent, fair evaluation. Forth amended her
pleadings to remove any request for damages, leaving requests for only declaratory judgment and
injunction.



            Forth's remaining requests include both retrospective and prospective relief. She seeks
retrospective relief requiring Allstate to review her past claims, and those of the putative class, using
an independent and fair evaluation—not its computerized Medical Bill Review System (MBRS) and
the eighty-fifth percentile standard currently used with MBRS—and to pay her, and her putative class
members, what that new review shows Allstate owes them, if anything. Prospectively, Forth seeks
to enjoin Allstate from using MBRS and the eighty-fifth percentile standard on future claims.
 
            The trial court dismissed Forth's suit for lack of standing after she amended her pleadings to
drop her request for money damages. We are presented with one point of error on appeal—whether
the trial court erred in granting Allstate's motion to dismiss. The trial court erred if Forth has
standing to seek any of the relief she requests.


 We hold she has standing to seek the retrospective
relief, concerning past claims, but not to seek prospective relief concerning Allstate's claim
evaluation practices.
            In the remainder of this opinion, we first explore in greater detail just what remedies Forth
seeks. Then we review the concept of standing. Finally, we explain why we hold she has no
standing regarding Allstate's practices as to future claims but does have standing to seek a review
of past claims.
Remedies Sought by Forth
            According to her appellate brief, "Forth seeks an injunction requiring Allstate to conduct an
honest, good-faith review of her actual charges without using [an] automated computer reduction
program"; that is, she wants Allstate to determine the reasonableness of those charges in light of her
specific situation and, once that review has been conducted, to compensate her for the loss of any
benefits that should have been provided under the terms of her policy. At first, this request appears
somewhat inconsistent with Forth's pleadings and engenders some confusion in the parties'
arguments. After all, in addition to her request that Allstate review her claims and compensate her
for lost policy benefits, Forth states both in her pleadings and in her appellate brief that she does not
seek money damages either for herself or for the putative class. She also specifically requested a
permanent injunction proscribing Allstate's use of MBRS to reduce claims payments absent an
independent determination of the reasonableness of the charges submitted. 
            Allstate argues that Forth's lawsuit was properly dismissed due to a lack of standing because
she expressly abandoned her prayer for damages and requested only declaratory and injunctive relief. 
Allstate emphasizes the prospective nature of the relief requested, pointing out that Forth cannot
have standing for such relief because she is no longer an Allstate insured. True, Forth is admittedly
no longer an Allstate insured. But when we construe the pleadings in Forth's favor, as we should,
and consider her intent, we see that Allstate's approach addresses only a portion of the sought
remedies which are before us. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). At the
hearing on Forth's motion for class certification, Forth's attorney explained her position:
The important thing here is we are seeking two overlapping but independent
certifications: . . . certification of this [action] pursuant to 42(b)(2) as an injunctive
class, seeking to enjoin Allstate from future practices and to order Allstate to review
its prior practices with actual reasonable criteria in place. Separately, we seek
damages, both that the amounts were wrongfully withheld, and independently of that,
the 21.55 penalty just for the delay in payment. One doesn't overlap the other.

That explanation, plus Forth's pleadings and her argument on appeal, help us understand Forth's
original attempt to obtain damages (both for delay and for withholding payment) and injunctive relief
(seeking both to enjoin Allstate from its allegedly illegal practices in the future and to have re-evaluated those claims already reviewed using those practices). Now that Forth has removed the
damages request, her standing to bring this action rises or falls based on the remaining remedies she
has requested. First, does Forth have standing to seek prospective relief enjoining Allstate from
certain practices in the future? Second, does Forth have standing to seek retrospective relief ordering
Allstate to review past claims submitted under the terms of her policy and similar policies and then
to pay any amount by which its payments fell short of "reasonable" expenses? We review the
concept of standing and then address these two questions in turn.
Standing
            Implicit in the concept of subject-matter jurisdiction, standing is a prerequisite to maintaining
a suit. It "stems from two limitations on subject matter jurisdiction: the separation of powers
doctrine and, in Texas, the open courts provision." Brown v. Todd, 53 S.W.3d 297, 302 (Tex. 2001);
Tex. Ass'n of Bus., 852 S.W.2d at 443–44. As such, standing is essential to the authority of a court
to decide a case, identifies those suits appropriate for judicial resolution, and cannot be waived. 
Brown, 53 S.W.3d at 305; Tex. Ass'n of Bus., 852 S.W.2d at 443, 445–46. If a plaintiff lacks
standing, the trial court has no jurisdiction and must dismiss the entire case. M.D. Anderson Cancer
Ctr. v. Novak, 52 S.W.3d 704, 707–08 (Tex. 2001); Am. Nat'l Ins. Co. v. Cannon, 86 S.W.3d 801,
806 (Tex. App.—Beaumont 2002, no pet.).
            A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to
determine the subject matter of an action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). The purpose of a dilatory plea is not to force the plaintiff to preview his or her case on the
merits, but to establish a reason why the merits should never be reached. Id. Thus, our task is not
to decide the merits of Forth's case, but rather to examine her pleadings, taking as true the facts pled,
to determine whether those facts support jurisdiction in the trial court. Penley v. Westbrook, 146
S.W.3d 220 (Tex. App.—Fort Worth 2004, no pet. h.). "When a plea to the jurisdiction challenges
the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's
jurisdiction to hear the cause." Miranda, 133 S.W.3d at 226; Bland, 34 S.W.3d at 555.
            Unless standing is conferred by statute, a plaintiff must show an interest in a conflict distinct
from that of the public at large. Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001). That is,
"standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and 'a
real controversy between the parties, which . . . will be actually determined by the judicial
declaration sought.'" Brown, 53 S.W.3d at 305 (quoting Tex. Workers' Comp. Comm'n v. Garcia,
893 S.W.2d 504, 517–18 (Tex. 1995)).
Forth Has No Standing as to Future Claims or Claim Practices
            Fatal to Forth's request for prospective relief is the standing requirement that a plaintiff's
alleged injury will be redressed by the judicial declaration sought. See Brown, 53 S.W.3d at 305. 
When Forth conceded she was no longer an Allstate insured, she effectively removed herself from
among those who could potentially sustain future harm resulting from Allstate's ongoing claims
review process. Because Forth is no longer insured by Allstate, she cannot be injured or threatened
with injury by any of Allstate's future practices and, thus, would have no personal stake in any
litigation that might arise from them. See Novak, 52 S.W.3d at 707–08.
            In Williams, the Texas Supreme Court was asked to determine whether two former inmates
had standing to pursue declaratory and injunctive relief against Tarrant County in an attempt to stop
a religious education program alleged to be in violation of constitutional protections. 52 S.W.3d at
175–76. The court reasoned that, because the plaintiffs were no longer inmates, they no longer faced
the allegedly unconstitutional conduct about which they complained and would, thus, not be affected
by the requested relief. Id. at 184. Similarly, a plaintiff, who sought to enjoin a manufacturer's
continuing distribution of certain health products that allegedly injured him, lacked standing because
he testified he had no intention of ever again using the product. MET-Rx USA, Inc. v. Shipman, 62
S.W.3d 807, 810–12 (Tex. App.—Waco 2001, pet. denied).
            Once the controversy between two parties ceases to exist, the case becomes moot. That is,
"the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the
outcome." Williams, 52 S.W.3d at 184 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). 
Because Forth is no longer an Allstate insured, she has no standing to seek an injunction against
Allstate's ongoing policies. That relief will not redress any injuries she suffered in the past. See
Shipman, 62 S.W.3d at 811.
Forth Has Standing as to Her Past Claims
            Forth does, on the other hand, have standing to seek to require Allstate to review her
previously processed claims. If she can prove her allegations—that she has suffered a distinct injury
from Allstate's alleged wrong—a real controversy exists between the parties (i.e., Forth's injury is
causally connected to Allstate's allegedly unlawful conduct), and the controversy will be actually
determined by the judicial remedies sought. See Brown, 53 S.W.3d at 305. Allstate presses two
principal arguments on this issue.
 
            Allstate first argues that, because Forth has abandoned any request for damages, she cannot
seek an injunction requiring the review of earlier claims. But one can seek an injunction and
declaratory relief without seeking a money judgment for damages. The question is whether she seeks
redress of a justiciable issue. If Forth ultimately is awarded the relief she seeks, Allstate will be
required to review her claims. She also asks that the order contain language that if, on Allstate's
ordered review of her claims, Allstate determines she has not been paid a "reasonable" amount for
her claims, Allstate should then pay her enough to bring her total payments from Allstate to that
newly-determined reasonable total. Though that payment, if any, would not be specified in the
judgment Forth now seeks, such does not negate the fact that she has pled a justiciable controversy
as to her past claim. A fair reading of her live pleading would provide her payment, not of a
numerical sum reduced to judgment, but of whatever sum Allstate determines she is due, once it has
reviewed her claim using the alternate method she describes.
            Allstate also argues Forth does not have standing because she cannot demonstrate actual or
even threatened injury. That is, even though Forth maintains that Allstate has refused to pay her
medical bills in full, she has failed to allege that she has had to pay any of the disputed balance or
that her medical providers have pursued her for any unpaid services. This position, however, is
insupportable in light of Allstate's contractual obligations. By the terms of its own policy, Allstate
agreed to pay the reasonable expenses incurred for necessary medical services, not those actually
paid by the insured.
 
            The relevant portion of Forth's personal injury protection coverage benefits under her Allstate
policy confirms this:
Insuring Agreement
 
A. We will pay Personal Injury Protection benefits because of bodily injury:
            1. resulting from a motor vehicle accident; and
            2. sustained by a covered person.
 
Our payment will only be for losses or expenses incurred within three years
from the date of the accident.
 
B. Personal Injury Protection benefits consist of:
            1. Reasonable expenses incurred for necessary medical and funeral services.
 
(Emphasis added.) There is no requirement under the policy that an insured first demonstrate out-of-pocket expenses or potential future liability in order to demand payment. Under the circumstances,
payment is restricted only by set policy limits and the reasonableness of the expenses incurred for
medical services made necessary because of bodily injury resulting from a motor vehicle accident. 
There is nothing in the record indicating any policy conditions have not been met beyond the
disputed reasonableness of the expenses.
            In Texas, PIP benefits are recoverable regardless of whether an insured has been made to pay
for necessary medical services. In Am. Indem. Co. v. Olesijuk, 353 S.W.2d 71, 72 (Tex. Civ.
App.—San Antonio 1961, writ dism'd w.o.j.), for example, a United States Navy physician suffered
bodily injuries when he was involved in a motor vehicle accident. After incurring expenses for the
treatment he received at a civilian hospital, the physician was reimbursed by the Navy. Id. at 73. 
The defendant insurance company argued that, because the plaintiff's treatment expenses were paid
by the government, he owed no debt, suffered no loss, and consequently incurred no actual expenses. 
The insurer, therefore, maintained it was not obligated under its policy to pay for the already-satisfied
expenses. Id. The court disagreed:
The fact that the insured has other arrangements for the reimbursement of his
expenses does not operate to relieve [the insurer] of its obligation as expressed in its
contract in plain, certain and unambiguous language. If [the insurer] desired to limit
its liability to actual loss or damage ultimately suffered by the insured, it could have
and should have done so in its policy.

Id. (citation omitted).
            In a similar case, which relied in part on Olesijuk, the Texas Supreme Court determined that
an insurer was still obligated to pay expenses incurred despite direct payment of those expenses by
Medicare. Black v. Am. Bankers Ins. Co., 478 S.W.2d 434 (Tex. 1972). The court noted that the
word "incur" means simply to become liable and that the insured, who selected the treatment facility,
"occasioned," "caused," or "brought on" the obligation to pay for the services rendered. Id. at 437
(citing Olesijuk, 353 S.W.2d at 72). The court held, as a matter of law, that, when an insured
receives healthcare services, there is created an implied contract to pay for those services, and the
insured is liable until he or she (or a third party) pays the bill. Id. The fact that an insured's action
may create a derivative obligation on the part of a third party to pay or reimburse the expenses does
not in any way affect the insured's obligation under the implied contract between the insured and the
healthcare provider. Id. If a derivative obligor fails to pay, the healthcare provider would still have
some legal remedy against the insured. Id. at 437–38.
 
            The facts—that Forth did not have any out-of-pocket expense or that Forth's healthcare
providers are now likely barred by the applicable statute of limitations from collecting from Forth
the portion of her expenses left unpaid—do not change this analysis. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.004 (Vernon 2002). The point is that Forth incurred necessary medical expenses
because of bodily injuries resulting from a motor vehicle accident and that Allstate, by the terms of
its own policy, agreed to pay those expenses, if reasonable. Anything less than the payment of a
reasonable amount of those expenses would result in a distinct injury to Forth—that is, receiving less
than the sums for which she contracted. Therefore, Forth has standing to seek a new review, using
a reasonableness standard, of her claim previously reviewed by MBRS and its eighty-fifth percentile
standard.



Conclusion
            Although the trial court was correct in dismissing that portion of Forth's case addressing
Allstate's use of MBRS or its methodology on future claims, it erred in granting Allstate's motion
to dismiss as to its review of Forth's past claim, because Forth does have standing to pursue
declaratory and injunctive relief seeking Allstate's re-evaluation of the process by which it
determined the reasonableness of her personal injury protection claims. Accordingly, we vacate the
trial court's order of dismissal, to the extent it covered Forth's past claims and those of the putative
class, and remand for further proceedings consistent with this opinion.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 12, 2004
Date Decided:             December 8, 2004