## ANTHONY v. LANGFORD.
### No. 11018.

Court of Civil Appeals of Texas.
San Antonio.

June 11, 1941.

Rehearing Denied July 2, 1941.

Atlas Jones, of Uvalde, for appellant.

M. C. Chiles, of Uvalde, for appellee.

NORVELL, Justice.

This is the appeal of P. J. Anthony from a judgment rendered against him by the District Court of Uvalde County foreclosing a lien against certain real property situated in Uvalde County, Texas. No money judgment was rendered against Anthony in favor of appellee, M. M. Langford, but the effect of the judgment was to establish appellee's lien as being superior to Anthony's claim in and to the property. There were several defendants below, but Anthony alone has appealed.

The controlling question is one of limitation, it being appellant's contention that appellee's debt and, consequently, the enforcement of the lien securing the same are barred by Article 5520, Vernon's Annotated Civil Statutes, relating to actions by vendors.

Appellee's suit was filed on June 17, 1940, and tried to the court without a jury. The following statement is based upon the trial court's findings of fact which are not challenged by the appellant:

The property involved was conveyed by G. H. Johnson and wife, Mamie Johnson, to H. C. Caddell on June 13, 1925. A vendor's lien was retained securing the payment of eight promissory notes for $250 each, payable to the order of G. H. Johnson and John F. Allison, and due on the first day of January of the years 1926 to 1933, inclusive, each respectively. Notes Nos. 1 to 5, inclusive, have been paid. Notes Nos. 6 and 8 are owned by appellee, as sole beneficiary under the will of Mary Langford Miller, deceased. Note No. 7 is owned by appellant. It may be mentioned here that appellant bases no claim in this suit upon said note. In his pleading, he alleged ownership of the note, but stated that he did not "desire any adjudication in any respect relative to said note."

By agreement dated July 3, 1934, H. C. Caddell, the maker of the notes, entered into an agreement with Mary Langford Miller, the then owner and holder of notes Nos. 6 and 8, whereby the due dates of said notes were extended to July 3, 1935, and January 3, 1936, respectively.

On June 5, 1928, H. C. Caddell and wife executed a mechanic's lien upon the property to secure an indebtedness of $3,250,

due the Alamo Lumber Company, which was after said date reduced in amount and the time of payment thereof extended and further secured by a deed of trust.

On February 11, 1936, H. C. Caddell and wife conveyed the property to E. P. Barber, who expressly assumed payment of notes Nos. 6, 7 and 8 of the series of vendor's lien notes, as well as the Alamo Lumber Company indebtedness.

Barber conveyed the property to John F. Allison on June 18, 1936, Allison assuming payment of the three vendor's lien notes above mentioned.

John F. Allison and wife conveyed the property to Delia Shipman on March 17, 1937, the grantee expressly assuming the payment of notes Nos. 6 and 8 of the vendor's lien series.

Delia Shipman thereafter conveyed an undivided one-half interest in the property to M. L. Witt.

The various deeds above mentioned, wherein the payment of notes Nos. 6 and 8 was assumed, were duly recorded shortly after their execution.

By judgment of the District Court of Uvalde County, entered on April 2, 1940, the property was ordered sold at sheriff's sale to satisfy the Alamo Lumber Company indebtedness. M. M. Langford, the holder of notes Nos. 6 and 8, of the vendor's lien series, was not one of the parties defendant in said suit.

P. J. Anthony purchased the property at the sheriff's sale which was held as directed by the judgment of the suit above mentioned.

The trial court's findings are full and complete and we set out briefly only those facts found which we regard as controlling under the view we take of the case.

The trial court concluded that by reason of the assumptions hereinabove mentioned, each of the assuming parties became liable for the payment of notes Nos. 6 and 8, held by appellee, excepting Delia Shipman, who pleaded her coverture existing at the time of her assumption.

The court further concluded that John F. Allison and E. P. Barber, parties defendant below, were personally liable upon said notes Nos. 6 and 8; that neither the notes nor the vendor's lien securing them were barred by limitation, and that therefore appellee should have judgment for his debt against Allison and Barber, and judgment of foreclosure as against all parties defendant, including appellant. Judgment was entered accordingly.

We are of the opinion that the conclusions and judgment of the trial court are supported by the findings of fact. It is well settled that "when the grantee in a conveyance assumes an existing debt and lien against real property conveyed, such assumption operates to keep the debt and lien alive for four more years, as between the parties." Appellant's claim to the premises here involved is based upon a second and inferior lien originally held by the Alamo Lumber Company, and the rule is that "when a second lien is laid upon real property upon which a prior lien legally exists at the time, the second lien is taken subject to the first, and the latter may be renewed or extended by the parties to it without reference to the second lien, which remains subordinate." The assumptions here involved being of record, they were binding upon the junior lienholder, and those claiming under it. Caffarelli Bros. v. Pearce, Tex.Civ.App., 10 S.W.2d 594, 595. See also Caffarelli Bros. v. Pearce, Tex.Com.App., 34 S.W.2d 813; R. B. Spencer & Co. v. Tex. Pac. Coal & Oil Co., Tex.Civ.App., 91 S.W.2d 411.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.