**ALLSTATE INDEMNITY COMPANY,
Petitioner,**

v.

**Pat FORTH, Individually and on
Behalf of Others Similarly
Situated, Respondent.**

No. 05–0057.

Supreme Court of Texas.

April 21, 2006.

Roger Higgins, Thompson Coe Cousins and Irons, L.L.P., Dallas, Jeffrey P. Lennard, Sonnenschein Nath & Rosenthal LLP, Chicago, IL, for Petitioner.

G. Laird Morgan, Stephen Gardner, Law Office of Stephen Gardner, PC, John M. Phalen Jr., Daniel Sheehan & Associates, L.L.P., Dallas, for Respondent.

PER CURIAM.

In this breach of contract suit, we consider whether an insured has standing to sue her insurance company for settling her medical bills in what the insured considered to be an arbitrary and unreasonable manner. In reversing the trial court and remanding the case for trial, the court of appeals concluded that the insured had standing even though the insured had no out-of-pocket expenses, and her health care providers had not, and now could not, collect any additional sum from her. 151 S.W.3d 732, 738. Because there are no allegations that the insured suffered damages or that the manner in which the insurance company settled the insured's medical expenses caused her any injury, we conclude that the trial court was correct to dismiss her suit, and accordingly we reverse the court of appeals' judgment.

Pat Forth's daughter required medical treatment in 1997 as the result of an auto accident. The personal-injury-protection (PIP) of Forth's Allstate auto insurance policy, covered "reasonable medical expenses incurred for necessary medical services." Allstate settled Forth's medical bills for less than the actual amount billed. Forth sued Allstate for injunctive and declaratory relief, alleging that it arbitrarily reduced her bills without using an independent and fair evaluation to determine what amount of her medical expenses were reasonable. According to Forth, Allstate routinely discounts medical expenses by comparing those charges to a third-party

contractor's computerized database. Allstate then offers about eighty-five percent of the medical expenses reflected in that database for the same treatment or procedure. Forth did not claim that Allstate's conduct had caused her any damage.

In the trial court, Allstate filed a motion to dismiss, arguing that Forth lacked standing because she had no claim for damages, and Allstate had not caused her any actual injury. The trial court granted Allstate's motion, and the court of appeals affirmed in part and reversed in part, holding that Forth lacked standing to seek prospective relief because Allstate no longer insured her, but that she could seek retrospective relief for any injury suffered while she was a policy holder. The court concluded that if a fair and independent evaluation of the medical bills revealed that Allstate paid less than the full amount of Forth's "reasonable expenses," then Forth could claim injury because the terms of the insurance contract required that reasonable expenses be paid.

The court of appeals relied on *Black v. American Bankers Insurance Co.*[1] and *American Indemnity Co. v. Olesijuk*[2] to support its view that the insured had standing to sue her insurance company despite its settlement of her medical claims to the apparent satisfaction of the medical providers. Both *Black* and *Olesijuk* held that the insurance companies' obligation to pay under the respective policies was triggered by the insured's incurrence of medical expenses and was not affected by the fact that the insured had not, in fact, had to pay those expenses. In both cases, a third party paid the medical expenses, but the respective courts concluded that such fact did not alter the obligation of the insurance company to pay under its policy. Unlike the insurance companies in *Olesijuk* and *Black*, Allstate did not question whether Forth had incurred medical expenses and did not refuse to pay the medical providers. Instead, Allstate paid the medical bills according to its own evaluation.

■ Under Texas law, to have standing a party must have suffered a threatened or actual injury.[3] Forth does not claim that she has any unreimbursed, out-of-pocket medical expenses. She does not assert that these providers withheld medical treatment as a result of Allstate reducing their bills, or threatened to sue her for any deficiency, or harassed her in any other manner. Moreover, Forth has no exposure in the future because limitations has now run on the medical claims.[4] From all appearances, her medical providers have accepted the amount Allstate paid them without complaint, thereby satisfying Allstate's obligation under the policy.

Because Forth does not claim that the manner in which Allstate settled her claim caused her any injury, we conclude that she does not have standing in this case. Accordingly, we reverse the court of appeals' judgment and, without hearing oral argument,[5] render judgment dismissing Forth's claims against Allstate.

---

1. 478 S.W.2d 434 (Tex.1972).

2. 353 S.W.2d 71, 72 (Tex.Civ.App.-San Antonio 1961, writ dism'd w.o.j.).

3. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708–09 (Tex.2001).

4. *See* TEX. CIV. PRAC. AND REM. CODE § 16.004. There is no indication in the record that Forth has, or ever will, suffer any financial consequences from Allstate's settlement of her medical bills.

5. *See* TEX. R. APP. P. 59.1