ACCEPTED
04-14-00579-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/4/2015 5:00:44 PM
KEITH HOTTLE
CLERK

# LAW OFFICE OF BETH WATKINS

926 CHULIE DRIVE
SAN ANTONIO, TEXAS 78216
210.225.6666- PHONE
210.225.2300- FAX
WWW.WATKINSAPPEALS.COM

BETH WATKINS[†]
BETH.WATKINS@WATKINSAPPEALS.COM

SHANNON K. DUNN
SHANNON.DUNN@WATKINSAPPEALS.COM

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/4/2015 5:00:44 PM
KEITH E. HOTTLE
Clerk

September 4, 2015

Mr. Keith Hottle, Clerk
FOURTH COURT OF APPEALS
300 Dolorosa, Suite 3200
San Antonio, Texas 78205

> re:    Cause No. 04-14-00579-CV
> *Jay Kay Bear, Ltd. v. Patty Martin*

Dear Mr. Hottle:

At oral argument on Wednesday, September 2, Jay Kay Bear—as Appellant and Cross-Appellee—was not able to fully answer all of the Court's questions. I submit this post-submission letter to more fully explain Jay Kay Bear's answers to a few of those questions. I ask that you please circulate this letter to Chief Justice Marion, Justice Angelini, Justice Pulliam, and their staff post haste.

## I. THIS COURT HAS JURISDICTION OVER JAY KAY BEAR'S APPEAL.

During the oral argument, the Court asked a number of questions about jurisdiction. The simplest answer—and the answer the undersigned counsel failed to clearly convey—focuses on the trial court's judgment setting aside Jay Kay Bear's April 6, 2010 foreclosure sale. That action injuriously affected Jay Kay Bear's rights. Therefore, Jay Kay Bear has standing to challenge that action on appeal.

### A. Jay Kay Bear Has Standing Under General Principles Of Law.

Standing to sue exists when a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *See, e.g., Sierra Club v. Morton,* 405 U.S. 727, 731 (1972). "To have standing, a party must have suffered a threatened or actual injury." *Allstate Indemn. Co. v. Forth,* 204 S.W.3d 795, 796 (Tex. 2006). On appeal, a party may only complain of error that injuriously affects that party. *See, e.g., Torrington Co. v. Stutzman,* 46 S.W.3d 829, 843 (Tex. 2000); *see also Paradigm Oil Inc. v. Retamco Op., Inc.,* 161 S.W.3d 531, 538 (Tex. App.—San Antonio 2004, pet. denied) (Angelini and Marion, J.J., participating).

---

[†] Board Certified— Civil Appellate Law, Texas Board of Legal Specialization

Here, the trial court's judgment setting aside Jay Kay Bear's foreclosure affects Jay Kay Bear's rights in a negative way. *See, e.g., Stutzman*, 46 S.W.3d at 843. The trial court's judgment divests Jay Kay Bear of title, and means that Jay Kay Bear had no interest in the 8.09 acres that it could convey to 281 Property, LLC. 2 CR 198. The trial court's ruling therefore caused Jay Kay Bear an injury. *See, e.g., Forth*, 204 S.W.3d at 796. Jay Kay Bear has standing to challenge that ruling on appeal. *See Stutzman*, 46 S.W.3d at 843. It simply cannot be said that the trial court's order setting aside Jay Kay Bear's April 6, 2010 foreclosure does not injuriously affect Jay Kay Bear's rights.

**B.      Jay Kay Bear Has Standing Under Specific Foreclosure Law.**

The Texas Supreme Court has recognized, "identifying who properly has standing to contest a foreclosure sale in Texas is well settled." *Goswami v. Metro Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1998). That Court understood that a typical foreclosure contest occurs between a borrower and a lender after the lender forecloses and sells; the borrower then files suit. *See id.* The Court recognized, "[a]s a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Id.* That makes sense because the dispute is between the borrower and the lender. **The borrower has standing to challenge the lien foreclosure despite the fact that the borrower's interest in the property has been terminated by a foreclosure sale.** *See id.* That same logic should apply here.

Like *Goswami*, this lawsuit challenges the validity of a foreclosure sale. 1 CR 367; 1 CR 378. *Goswami* recognized that the borrower and the lender have standing to request judicial review of a foreclosure sale. *See Goswami*, 751 S.W.2d at 489. Here, Jay Kay is the lender who foreclosed; Martin's interest was foreclosed upon. 1 CR 378. Like in *Goswami*, the person whose interest was foreclosed upon sued the lender seeking to set aside the foreclosure sale. 1 CR 378. The Supreme Court recognized that the proper parties were before it to seek resolution of the dispute. *See Goswami*, 751 S.W.2d at 489. This Court should reach the same result here.

But even if Jay Kay Bear lacks standing under this general standing rule, it has standing under an exception to that rule. "An exception to [the] general rule exists when a third party has a property interest, whether legal or equitable, that will be affected by the foreclosure sale." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 567 (Tex. App.—Amarillo 2013, pet. denied) (citing *Goswami*, 751 S.W.2d at 489). "In that instance, the third party has standing to challenge the sale to the extent that its rights will be affected by the sale." *Id.* (citing *Goswami*, 751 S.W.2d at 489).

Here, Jay Kay Bear has a legal or equitable property interest that will be affected by the propriety of its foreclosure sale. It believed it owned the property outright after its

2

April 6, 2010 foreclosure. On that day, Jay Kay Bear reasonably believed it owned all the legal and equitable property interests in the 8.09 acres, and it acted accordingly. The trial court's judgment negated those property interests, thereby rendering every action Jay Kay Bear took with the property after April 6, 2010 null and void. Jay Kay Bear has a cognizable interest in appealing this *ex post facto* negation of its interests in the property. *See, e.g., Goswami*, 751 S.W.2d at 489.

Jay Kay Bear also has an equitable interest in the property because under the Special Warranty Deed, Jay Kay Bear has a continuing duty "to warrant and forever defend" 281 Property "against any person whomsoever lawfully claiming… the same or any part thereof…." *See* Br. of Appellee at Tab A, p.2. **Jay Kay Bear is contractually obligated to defend 281 Property against Martin's claims in this appeal**. *See id*. By appealing the judgment against it, that is exactly what Jay Kay Bear is doing. 2 CR 215. Jay Kay Bear has a justiciable interest in correcting the trial court's erroneous judgment setting aside its April 6, 2010 foreclosure sale. *Stutzman*, 46 S.W.3d at 843.

### C.     Martin's Interpretation Leads To An Absurd Result.

Essentially, Martin's argument is that a party has to *presently* have an interest in the foreclosed-upon property to have standing to challenge the foreclosure. But after a foreclosure, the borrower's interest in the property is wiped out. Nevertheless, *Goswami* specifically recognized that the borrower has standing to challenge a foreclosure even after the foreclosure is complete and the borrower's legal interest in the property has been wiped out. *See Goswami*, 751 S.W.2d at 489. Martin's argument is therefore directly contrary to *Goswami* and its progeny.

If the rule truly is that a party has to presently have an interest in the foreclosed-upon property to challenge the foreclosure, then Martin lacked standing to file this lawsuit—the interest she held in this property had been foreclosed upon and sold before she filed suit. Continuing that logic, if the trial court had not set aside the foreclosure, then **Martin** would lack standing to challenge that ruling on appeal, because the trial court would have confirmed that she lacked a justiciable interest in the property.

When the trial court rules against a party—like it ruled against Jay Kay Bear when it set aside Jay Kay Bear's April 6, 2010 foreclosure—that party has a statutory right to meaningful appellate review. *See, e.g.,* Tex. Gov't Code Ann. § 22.220 (West 2015). This Court has jurisdiction to review the trial court's resolution of this lien priority dispute.

### D.     The Pleadings Establish The Parties' Standing.

"Standing is determined at the time suit is filed in the trial court, and subsequent events do not deprive the trial court of jurisdiction." *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993). In her petition, Martin alleged that

when Jay Kay Bear recorded and foreclosed upon the 2003 Zyco lien, it committed fraud. 1 CR 367. To remedy that purported fraud, Martin asked the trial court to set aside that foreclosure. 1 CR 378. She filed that petition on December 28, 2012—four months before Jay Kay Bear transferred the property. 1 CR 351. In Jay Kay Bear's live answer, which it filed three months before it transferred the property, Jay Kay Bear asserted that it had "a security interest in each of the tracts of real property Martin complains of and filed and recorded their valid liens to each tract at a point in time prior to Martin and thus have lien superiority over Martin's claims." 1 CR 469. The parties went to trial on those pleadings and both parties asked for a judgment establishing lien priority.

### E.    The Evidence Establishes Jay Kay Bear's Standing.

In her case-in-chief, Martin introduced documentary evidence that title to the 8.09 acres was vested in Jay Kay Bear as a result of its April 6, 2010 foreclosure of the 2003 Zyco lien. 11 Am. RR Exh. 6 at 9. Martin also introduced expert testimony that Jay Kay Bear's April 6, 2010 foreclosure of the 2003 Zyco lien wiped out Martin's interest in the property. 3 RR 196-99. The parties consistently asked the trial court to review all the liens and foreclosures and determine whose interest was superior. *See id*. On the 8.09 acres, those liens and foreclosures began with the October 24, 2003 Deeds of Trust from BMI to the Naylor Living Trust and Zyco, and ended with the April 6, 2010 Foreclosure Deed of Jay Kay Bear under the Zyco Deed of Trust. 11 Am. RR Exh. 6. The parties asked the trial court to review that evidence and determine lien superiority as of April 6, 2010.

### F.    The Trial Court's Judgment Demonstrates Jay Kay Bear's Standing.

The trial court's May 20, 2014 judgment specifically:

1.    finds the Martin lien superior to the Zyco Collateral Transfer of Note and Lien; and

2.    orders that Jay Kay Bear's April 6, 2010 foreclosure under the Collateral Transfer of Note and Lien is set aside.

2 CR 196. Jay Kay Bear appealed that order because that decision to set aside the foreclosure effectively negated every action Jay Kay Bear had taken with regard to the property since it foreclosed. 2 CR 215. That fact demonstrates how this ruling impairs Jay Kay Bear's rights. *See, e.g., Stutzman*, 46 S.W.3d at 843.

### G.    The Parties' Briefing Shows Jurisdiction.

In its Brief of Appellant, Jay Kay Bear's prayer asked this Court to reverse the trial court's judgment setting aside Jay Kay Bear's foreclosure of the Zyco lien and

render a judgment that "Jay Kay Bear's April 2, 2010 foreclosure of the 2003 Zyco Deed of Trust extinguished any interest that Martin held in the 8.09 acres as a result of her February 2, 2010 foreclosure of the 2008 Martin Deed of Trust." Br. of Appellant at 46. In fact, both parties asked this Court review all the liens and all the foreclosures and then determine which lien was superior. *See id.*; *see also* Br. of Appellee at 28. After requesting dismissal, Martin's prayer specifically asked this Court to "affirm that portion of the trial court's Judgment setting aside Jay Kay Bear's April 6, 2010 foreclosure…." Br. of Appellee at 28. Both parties recognize that the trial court's order setting aside Jay Kay Bear's foreclosure is critical to the appeal. Both parties recognize that April 6, 2010 is the operative date for this Court's analysis.

### H.      This Court Should Review Lien Priority As Of April 6, 2010.

The liens and foreclosures at issue began on October 24, 2003 and ended on April 6, 2010. 11 Am. RR Exh. 6. The parties did not present any evidence of liens or foreclosures before those dates, nor did they present any evidence of liens or foreclosures after those dates. Jay Kay Bear therefore asks this Court to review the trial court's lien priority judgment as of April 6, 2010—the last date relevant to the liens that were at issue at trial. On that date, Jay Kay Bear had an interest in this property under the 2003 Zyco lien. *See* Br. of Appellee at Tab A, p.2. The trial court's ruling impairs that right. 2 CR 196. Jay Kay Bear has standing to challenge that adverse ruling. *See Stutzman*, 46 S.W.3d at 843.

### I.      Alternatively, A Party Can Appeal To Vindicate Rights That Currently Belong To Another.

Although the Texas Supreme Court has recognized that "[a] party whose own interest is prejudiced by an error has standing to appeal," that Court has also recognized exceptions to that rule. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). In *Torrington*, the plaintiffs obtained a judgment against Torrington and Textron. *See id.* at 836. Torrington was contractually obligated to indemnify Textron. *See id.* Torrington appealed; Textron did not. *See id.* On appeal, however, Torrington raised arguments that belonged to Textron; Stutzman complained that Torrington lacked standing to complain about error that affected another party. *See id.* at 843. Importantly, the Texas Supreme Court did not decide the standing issue first. *See id.* Instead, after addressing Torrington's complaints about the charge and the indemnity provision, the Texas Supreme Court reviewed Torrington's standing to appeal the Textron judgment. *See id.* at 836-43. The Supreme Court held that since Torrington was contractually obligated to indemnify Textron, Torrington had a justiciable interest in that controversy, so it had standing to appeal the judgment against Textron. *See id.* at 844. While not an indemnity provision, the Special Warranty Deed from Jay Kay Bear to 281 Property, LLC contains similar terms that obligate Jay Kay Bear to defend 281 Property's interest in the land.

### J. The Special Warranty Deed Obligates Jay Kay Bear To Defend 281 Property's Title.

Under the heading "Exceptions to Conveyance and Warranty," the Special Warranty Deed from Jay Kay Bear to 281 Property, LLC, provides:

> Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors and administrators forever. Grantor binds Grantor and Grantor's heirs, executors and administrators to warrant and forever defend all and singular the property to Grantee and Grantee's successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, when the claim is by, through or under Grantor, but not otherwise.

Br. of Appellee at Tab A, p.2. According to that term, Jay Kay Bear has a duty "to warrant and forever defend" 281 Property "against any person whomsoever lawfully claiming… the same or any part thereof…." *See* Br. of Appellee at Tab A, p.2. Jay Kay Bear is contractually obligated to defend 281 Property against Martin's claims in this appeal. *See id*. By appealing the judgment against it, that is exactly what Jay Kay Bear is doing. Jay Kay Bear has a justiciable interest in this appeal just as Torrington did. *Compare id.*, *with Torrington*, 46 S.W.3d at 836. For that reason, this Court should recognize that Jay Kay Bear has standing to appeal the portions of the trial court's judgment that are adverse to its interests.

### K. Jay Kay Bear Has Standing To Appeal The Trial Court's Judgment Against It.

The standing requirement prevents courts from issuing advisory opinions. *See, e.g. Empire Life Ins. Co. of Am. v. Moody*, 584 S.W.2d 855, 858 (Tex. 1979). But this Court's decision to affirm or reverse the trial court's judgment cannot be an advisory opinion because that decision will directly determine whether Jay Kay Bear's transfer to 281 Property is valid. Jay Kay Bear has a cognizable interest in seeing that transfer validated; Martin has a cognizable interest in seeing it set aside. This is a live controversy between these two parties, so this Court has jurisdiction to decide it.

Courts do not rule in real time. Their judgments routinely set aside actions that were taken in the past. Setting aside Jay Kay Bear's April 6, 2010 foreclosure caused an injury **to Jay Kay Bear**. Failing to provide meaningful appellate review of that ruling would violate the due course of law and open courts provisions of the Texas Constitution. Similarly, such a ruling would, *ex post facto*, deprive Jay Kay Bear of a valuable property right. Tex. Const. art. I, § 16. For these reasons, this Court should conclude that Jay Kay Bear has standing to appeal the trial court's judgment against it.

## II. THERE IS NO EVIDENCE IN THE APPELLATE RECORD TO SUPPORT THE IMPLIED FINDINGS THE COURT DISCUSSED.

### A. Martin presented no evidence of the maturity date of the 2003 Zyco lien, so this Court cannot presume that it was one year.

The Court asked a number of questions of Martin's counsel about whether the trial court made an implied finding of fact that the 2003 Zyco lien was either paid off or that the statute of limitations to enforce that debt had expired. The practical effect of such an implied finding would be to wipe out any interest Zyco or Jay Kay Bear had in the property under the 2003 Zyco lien. In response to these questions, Martin relied on the statutory presumption contained in section 16.036 of the Texas Civil Practice and Remedies Code. *See* Br. of Appellee at 17-18. According to Martin's Appellee's Brief:

> If there is no recorded renewal or extension filed, the maturity date stated in the original instrument is conclusive evidence of the maturity date. Four years after the maturity date, one can conclusively presume that the lien debt is paid.

*Id.* at 17 (citing *Cadle Co. v. Butler*, 951 S.W.2d 901, 909 (Tex. App.—Corpus Christi 1997, no writ)). The problem with Martin's argument is that the statute and the cases interpreting it require evidence of the maturity date. *See id.* Here, Martin presented no evidence of the maturity date of the Zyco Deed of Trust. At oral argument, she claimed it was Jay Kay Bear's burden to present this evidence. But if Martin—as the plaintiff with the burden of proof—wanted the benefit of the statutory presumption, she was required to present evidence showing that she was entitled to that presumption. In the absence of any evidence establishing the maturity date, the trial court cannot simply guess. Because the trial court had no evidence of the maturity date of the 2003 Zyco Deed of Trust, the trial court could not have made an implied finding that the 2003 Zyco Deed of Trust had either been paid or that the statute of limitations on enforcing it had expired.

### B. The undisputed evidence actually admitted at trial contradicts such an implied finding.

"Where the implied findings of fact are supported by the evidence, we must uphold the judgment on any legal theory applicable to the case." *Castano v. Wells Fargo Bank, N.A.,*, 82 S.W.3d 40, 43 (Tex. App.—San Antonio 2002, no pet.) (Angelini, J., participating) (citing *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987)). "In making this determination, we consider only the evidence most favorable to the implied fact findings and disregard all opposing or contradictory evidence." *Id.* (citing *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 613 (Tex. 1950). Here, the only evidence admitted on this point establishes the exact opposite of the implied fact the Court asked about finding. For that reason, this Court cannot make an implied finding that the 2003

Zyco loan was either paid off or that collection under that loan was barred by the statute of limitations.

The evidence the trial court actually did receive shows why the statutory presumption cannot apply here. On June 23, 2008, Zyco transferred the 2003 Zyco Deed of Trust to Jay Kay Bear as collateral for a $75,000 loan from Jay Kay Bear to Zyco. 11 RR Exh. 24. In that document, Zyco recited that the 2003 Zyco loan to BMI was not in default.

> **Balance of Collateral**
>
> 14.     The Debtor hereby expressly represents and warrants that the principal balance of the Collateral is $74,000.00, and that accrued and unpaid interest is currently due in the approximate amount of $36,000.00 as of the date of this Collateral Transfer. Debtor also represents and warrants that the note and Deed of Trust, Security Agreement, Financing Statement, and all other documents which together comprise the Collateral, are not in default.

11 RR Exh. 24. The only evidence the trial court received on this topic shows that BMI was <u>not</u> in default under the 2003 Zyco lien. 11 RR Exh. 24. For that reason, implying a finding that BMI had defaulted on October 24, 2004—one year after this lien was created—and then applying the statutory presumption that the Zyco was barred by the statute of limitations from suing on the lien would be contrary to the law and the evidence in this case.

### C.     Extension and Renewal Agreements do not have to be Recorded.

Additionally, Dysart testified that notes like the 2003 Zyco note can be renewed and extended. 3 RR 200. She testified that renewal and extension agreements do not have to be recorded. 4 RR 59. The recitals here—that the note and deed of trust were not in default—show the exact opposite of the implied fact this Court asked about finding. This evidence indicates that the parties actually did enter into a renewal and extension agreement. 11 RR Exh. 24. That is consistent with the recital that, as of the date of the transfer, BMI owed Zyco $74,000 in principal and $36,000 in interest. 11 RR Exh. 24.

Because it would violate the standard, ignore well-established precedent, and contradict the undisputed evidence introduced at trial, this Court should refrain from making an implied finding of fact that the 2003 Zyco lien was no longer enforceable.

**III.** **THE QUESTION IS NOT WHETHER THE 2008 COLLATERAL TRANSFER OF NOTE AND LIEN "CREATED" A LIEN THAT IS SUPERIOR TO THE 2008 MARTIN LIEN; THE QUESTION IS WHETHER THE 2003 ZYCO LIEN IS SUPERIOR TO THE 2008 MARTIN LIEN.**

The trial court's judgment clearly shows how it misapplied the law. The trial court disregarded the Texas Property Code provisions authorizing assignment of liens. *See, e.g.,* Tex. Prop. Code Ann. § 51.004(c) (West 2015). The trial court also disregarded this Court's opinion in *Anthony v. Langford* and all the other caselaw establishing that liens may be assigned freely. 152 S.W.2d 935, 936 (Tex. Civ. App.—San Antonio 1941, writ ref'd); *see also Morlock, L.L.C. v. Nationstar Mortg. L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Transferring a valid lien from one holder to another does not impair or otherwise diminish the superiority of that lien. *See, e.g., DTND Sierra Invs., LLC v. Deutsche Bank Nat'l Trust Co.*, 04-12-00817-CV; 2013 WL 4483436, *4 (Tex. App.—San Antonio 2013, pet. denied) (mem. op.) (J. Marion participating).

The trial court described June 23, 2008 as the operative date for the Zyco lien. The operative date for the Zyco lien, however, is October 28, 2003—the date that lien was recorded. 11 Am. RR Exh. 6. By that date, Zyco had advanced BMI purchase money, so the priority of the 2003 Zyco purchase money lien was set in stone. 11 Am. RR Exh. 6. By failing to recognize that the Zyco lien was filed of record in 2003, and that its character or priority did not change when it was validly transferred to Jay Kay Bear, the trial court failed to give the 2003 Zyco lien the priority to which it was entitled. The trial court misapplied the law, so its opinion must be reversed.

If the Court has any further questions, please do not hesitate to ask.

Respectfully submitted,

*/s/ Beth Watkins*
Beth Watkins
State Bar No. 24037675
LAW OFFICE OF BETH WATKINS
925 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666—phone
(210) 225-2300—fax
Beth.Watkins@WatkinsAppeals.com

Counsel for Appellant Jay Kay Bear, Ltd.

## Certificate of Service

I hereby certify that I electronically served the above and foregoing document on the following counsel of record on September 4, 2015:

Ms. Patricia Oviatt
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas 78230
POviatt@cbylaw.com


/s/ Beth Watkins
Counsel for Appellant Jay Kay Bear, Ltd.