Greg Neeley, Justice
Rodney Beasley appeals from the trial court's grant of a plea to the jurisdiction dismissing his case against Farmers Texas County Mutual Insurance Company (Farmers). He presents two issues on appeal. We reverse and remand.
BACKGROUND
Beasley was involved in a motor vehicle accident in October 2007. At the time of the incident, he was a covered person under an automobile insurance policy issued by Farmers which included personal injury protection (PIP) benefits with a $2,500 limit. Subsequently, Beasley sought medical care from health care providers for treatment of injuries he sustained who submitted their bills totaling $2,662.54 to Beasley's medical health care insurer, Blue Cross-Blue Shield of Texas (BCBS). Pursuant to its contractual agreement with the providers, BCBS discounted the charges and paid a total of $1,068.90 to the providers who accepted the monies as payment in full for the medical services provided.
In 2010, Beasley made a claim for PIP benefits and submitted the medical provider's bills totaling $2,662.54 to Farmers for payment under the policy. In response, Farmers paid Beasley the amount that BCBS paid the providers ($1,068.90) advising Beasley that this amount represented the medical expenses incurred, per the insurance policy, because it was the amount his medical providers agreed to accept in full payment of the medical services rendered. Thereafter, Beasley submitted a provider affidavit stating the charges of $2,662.54 were reasonable for the medical services provided and requested that Farmers reconsider his claim and pay him PIP limits of $2,500. Farmers refused to pay any additional monies.
Beasley sued Farmers alleging breach of the insurance contract, violations of the Texas Deceptive Trade Practices Act (DTPA), and violations of the Texas Insurance Code. According to Beasley, Farmers was contractually obligated to pay him $2,500 under the policy because the medical charges of $2,662.54 exceeded the PIP policy limits and were both reasonable in amount and necessary to treat the injuries *101 he received in the motor vehicle incident. Because Farmers paid less than the reasonable charges for this necessary treatment, Beasley alleged Farmer's breached the insurance contract and violated the DTPA and insurance code.
Farmers filed a plea to the jurisdiction contending that Beasley lacked standing because he suffered no injury. According to Farmers, Beasley failed to allege an actual injury because he is not legally responsible for any remaining payment on his medical bills which were discounted pursuant to the provider's contracts with BCBS and those discounts are not collateral sources under the PIP statute. The trial court granted the plea to the jurisdiction and dismissed Beasley's lawsuit. This appeal followed.
PLEA TO THE JURISDICTION
In his first issue, Beasley argues that the trial court should not have granted the plea to the jurisdiction. He contends that (1) in granting the motion, the trial court impermissibly considered the merits of the case, and (2) that he pleaded allegations establishing standing to pursue his claims against Farmers. In his second issue, Beasley argues that the trial court erred by dismissing his DTPA claim when it granted the plea to the jurisdiction on his breach of contract claim. Farmers responds that Beasley failed to allege an actual injury and, therefore, lacks standing to pursue either his breach of contract or statutory claims.
Standard of Review
A plea to the jurisdiction is proper to challenge a party's lack of standing. See Vernco Constr., Inc. v. Nelson , 460 S.W.3d 145, 149 (Tex. 2015). Standing is a component of subject matter jurisdiction. See West Orange-Cove Consol. ISD v. Alanis , 107 S.W.3d 558, 583 (Tex. 2003). Whether a court can exercise subject matter jurisdiction over a claim is a question of law that is reviewed de novo. City of Ingleside v. City of Corpus Christi , 469 S.W.3d 589, 590 (Tex. 2015). In the appeal of a case involving a jurisdictional challenge to the pleadings, the appellate court must accept as true all the factual allegations in the plaintiff's petition. See Axtell v. Univ. of Tex. , 69 S.W.3d 261, 264 (Tex. App.-Austin 2002, no pet.). If the case involves a challenge to the existence of jurisdictional facts, the appellate court must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. See Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 227 (Tex. 2004).
Evidence is not necessary to resolve a plea to the jurisdiction when the plaintiff's petition (1) affirmatively demonstrates the court's jurisdiction, (2) affirmatively negates the court's jurisdiction, or (3) is insufficient to determine jurisdiction but does not affirmatively demonstrate incurable defects. Miranda , 133 S.W.3d at 226-27. The trial court must consider evidence on a plea to the jurisdiction when evidence is necessary to determine jurisdictional facts. Heckman v. Williamson Cty. , 369 S.W.3d 137, 150 (Tex. 2012).
In most pleas to the jurisdiction, the court should limit the evidence to only what is relevant to the jurisdictional issue and avoid considering evidence that goes to the merits of the case. Bland ISD v. Blue , 34 S.W.3d 547, 555 (Tex. 2000). However, in some cases, jurisdiction involves the merits of the case. In those types of cases, the trial court must review the evidence to determine whether there is a fact issue. Suarez v. City of Tex. City , 465 S.W.3d 623, 632-33 (Tex. 2015). This standard mirrors the traditional summary judgment standard procedure under Texas Rule of Civil Procedure 166a(c).
*102 Sampson v. Univ. of Tex. at Austin , 500 S.W.3d 380, 384 (Tex. 2016) ; see TEX. R. CIV. P. 166a(c). That is, the defendant must first present evidence to show that the court lacks subject matter jurisdiction; if the defendant does so, the plaintiff must then show there is a disputed material fact on the jurisdictional issue. Mission Consol. ISD v. Garcia , 372 S.W.3d 629, 635 (Tex. 2012). If the facts are disputed, the court cannot grant the plea to the jurisdiction, and the issue must be resolved by the factfinder at trial; however, if the evidence is undisputed or if there is no fact question on the jurisdictional issue, the trial court will rule on the plea to the jurisdiction as a matter of law. Suarez , 465 S.W.3d at 633 ; Mission Consol. , 372 S.W.3d at 635.
If a claim is not within a court's jurisdiction and the impediment to jurisdiction cannot be removed, the claim must be dismissed; but if the impediment to jurisdiction can be removed, the court should abate the proceedings to allow the plaintiff a reasonable opportunity to cure the jurisdictional problem. Am. Motorists Ins. Co. v. Fodge , 63 S.W.3d 801, 805 (Tex. 2001). A petition containing multiple claims should not be dismissed just because the court lacks jurisdiction over one of the claims. See Thomas v. Long , 207 S.W.3d 334, 338-39 (Tex. 2006). The court may dismiss or abate the claims over which it does not have subject matter jurisdiction and retain the claims over which it does have jurisdiction. See itation case-ids="8402475" index="15" url="https://cite.case.law/sw3d/207/334/#p338">id.
Applicable Law
Generally, for a plaintiff to have standing, there must be a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. Linegar v. DLA Piper LLP (US) , 495 S.W.3d 276, 279 (Tex. 2016). The plaintiff must show he is suffering or has suffered an actual or threatened injury. Heckman , 369 S.W.3d at 155. The injury must be concrete, particularized, and actual or imminent; it cannot be hypothetical. Linegar , 495 S.W.3d at 279 ; Heckman , 369 S.W.3d at 155. The injury must also be personal to the plaintiff, rather than suffered by a third party or the public at large. Linegar , 495 S.W.3d at 279.
The Texas Insurance Code mandates that automobile insurers provide a minimal level of PIP coverage. TEX. INS. CODE ANN. § 1952.152 (West 2009). PIP coverage provides for the recovery of the reasonable amount of necessary medical, surgical, x-ray or dental expenses that arise from an accident and incurred within three years from the date of the accident. Id. § 1952.151 (West 2009). PIP benefits are payable without regard to the fault or nonfault of the claimant and any collateral source of medical, hospital, or wage continuation benefits. Id. § 1952.155(a) (West 2009).
To prove an action for breach of contract, the plaintiff must establish that the defendant's breach caused injury. Southwell v. Univ. of the Incarnate Word , 974 S.W.2d 351, 354-55 (Tex. App.-San Antonio 1998, pet. denied). To recover actual damages, the plaintiff must prove he suffered some monetary loss as a result of the breach. See Stewart v. Basey , 150 Tex. 666, 245 S.W.2d 484, 486 (1952).
Analysis
In both its plea to the jurisdiction and on appeal, Farmers takes the position that Beasley lacks standing because he has not suffered an actual injury. It relies heavily on the Texas Supreme Court's holding in Allstate Indem. Co. v. Forth to support this position. 204 S.W.3d 795 (Tex. 2006). Beasley responds that the holding in Forth is distinguishable and that he alleged an actual injury and, therefore, has standing.
*103 Forth dealt with whether the plaintiff had standing to sue her PIP insurer for settling her submitted medical bills directly with the medical providers for an amount less than the amount charged by the providers. Id. at 795. Forth's daughter was injured in a motor vehicle accident and required medical care to treat those injuries. Id. Forth filed a claim for payment of the medical expenses with her PIP insurer, Allstate Indemnity Company. Forth v. Allstate Indem. Co. , 151 S.W.3d 732, 733 (Tex. App.-Texarkana 2004), rev'd , 204 S.W.3d 795 (Tex. 2006). The Texarkana Court's opinion does not indicate whether Forth had medical health care insurance, but the opinion does indicate that when Allstate received the bills submitted with the PIP claim, it unilaterally contacted the medical providers and negotiated reduced amounts in full payment of the amounts the providers charged. See ids="8449444" index="31" url="https://cite.case.law/sw3d/204/795/">id.
Forth brought a class action lawsuit against Allstate, for herself and as representative of a putative class of PIP claimants, asserting that Allstate acted arbitrarily in its PIP claim practices. Id. In addition to injunctive relief, she sought relief requiring Allstate to conduct an independent payment review of the reasonableness of the medical expenses Allstate paid in her past claim and those of the putative class and thereafter, to pay her and her putative class members what that independent evaluation shows Allstate owes them under the terms of the policy. Id. at 734-35. The basis of her complaint that Allstate acted arbitrarily and unreasonably in its PIP claim practice was Allstate's use of a computerized Medical Bill Review System (MBRS) which limited payment of medical expenses to the eighty-five percentile of what other medical providers were charging for the same treatment or procedure utilizing a third party contractor's data base. See id. at 734.
Forth initially sought money damages in her suit but later amended her petition to abandon recovery of monetary damages. Id. at 734.[1] After Forth dropped her request for money damages, the trial court dismissed Forth's suit for lack of standing. Id. On appeal, the court of appeals reversed and remanded finding that Forth had standing to pursue declaratory and injunctive relief seeking re-evaluation of the process Allstate utilized to determine the reasonableness of Forth's and potentially the putative class's past PIP claims using the MBRS methodology of calculating medical expenses. Id. at 738.
The supreme court, however, disagreed. Forth , 204 S.W.3d at 796. In doing so, the court held that Forth failed to claim that the manner in which Allstate settled her claim caused her any injury and, therefore, she did not have standing. Id. The court noted that Forth did not allege that she had any unreimbursed, out-of-pocket medical expenses, that the providers withheld treatment or threatened to sue her for any deficiency, or that the statute of limitations had not run on the medical claims. Id. Her medical providers appeared to have accepted the amount Allstate paid them without complaint, "thereby satisfying Allstate's obligation under the policy." Id. The court held, "Because there are no allegations that the insured suffered damages or that the manner in which the insurance company settled the insured's medical expenses caused her any injury, we conclude that the trial court was correct to dismiss her suit, and accordingly *104 we reverse the court of appeals' judgment." Id. at 795.
In this case, Farmers does not deny that it paid PIP benefits in an amount less than what Beasley was charged for the medical services provided. To the contrary, Farmers contends that it did not breach the insurance contract because it paid the amount that the medical providers agreed to accept from BCBS as payment in full. As a result, Farmers argues that Beasley, like Forth, has not suffered an actual injury because he does not owe any unreimbursed, out-of-pocket medical expenses, no provider withheld treatment or threatened to sue him for any deficiency, and the statute of limitations has run on any provider's attempt to collect the difference on what Beasley was charged and what was accepted by BCBS. Farmer views Forth as directly on point and controlling the analysis of this case.
We disagree and believe that Forth is distinguishable. Unlike Beasley, Forth was not making a claim for monetary damages when her case was dismissed. See id. Rather, she had abandoned her claim for money damages. In his petition, Beasley asserted causes of action for breach of contract and violations of the Texas Insurance Code and DTPA. He alleged that Farmers paid him less than the contractually agreed benefits of his insurance policy, that he incurred medical expenses totaling $2,662.54, and that he is entitled to receive the maximum benefit of $2,500 under his PIP policy because the expenses he submitted were for necessary treatment and were reasonable in amount. Beasley contended that Farmers breached the contract by paying benefits totaling $1,068.90 and requested compensatory damages in the amount of $1,432.10.[2] At no time has Beasley abandoned his claim for monetary damages. Thus, unlike in Forth , because Beasley pled that he suffered economic damages resulting from Farmers' breach of the insurance contract, he has alleged an actual and concrete injury in the form of money damages representing the difference in the account of the medical bills submitted and reimbursed up to the PIP limits available under the policy. See Stewart , 245 S.W.2d at 486 ; see also Southwell , 974 S.W.2d at 354-55. This same economic loss forms the basis of the actual damages claimed in the contractual and statutory causes of action pled.
Nevertheless, Farmers argues that Beasley has no actual injury as a matter of law for any of the causes of action pleaded because he had no legal financial obligation to pay anything more to the medical providers when they accepted the contractual discounted payment from BCBS. According to Farmers, because Beasley has not, nor ever will, suffer any personal financial consequence resulting from BCBS's payment of his medical bills, he has no legally cognizable injury. Farmers further disputes that BCBS's contractual discount was a collateral source prohibited under section 1952.155(a)(2) of the Texas Insurance Code. The central theme of this argument is that Farmers was only contractually obligated under the policy, and legally under the PIP statute, to pay the amount the medical providers accepted as full payment for medical services rendered. Whether pursuant to a health insurer's negotiated contractual discounts with providers or through direct negotiation between the insurer and the provider, such as in Forth , Farmers argues that whether an actual injury occurred depends on whether the payment accepted by the provider fully discharges the obligation owed *105 by the insured to the providers for the medical treatment received. We disagree.
Beasley alleges he suffered an economic harm resulting from Farmer's failure to pay him, pursuant to both statutory directives and contractual terms, the reasonable cost of necessary medical treatment arising from an accident that was incurred within three years of the date of the accident up to the PIP limits of $2,500. It is undisputed that Beasley timely submitted a claim for PIP benefits to recover medical expenses necessary to treat injuries he suffered in a covered accident in the amount of $2,662.54, which was verified through a provider's affidavit as being reasonable. Both the PIP statute and the insurance policy required Farmers to pay the reasonable amount of necessary medical, surgical, x-ray, or dental expenses that arose from the accident and were incurred within three years from the date of the accident. Though reasonable medical expenses of $2,662.54 were submitted, Farmers paid Beasley $1,068.90, an amount less than the PIP limits available under the policy. We accept these factual allegations as true. See Axtell , 69 S.W.3d at 264.
Whether the sum of $2,662.54 or $1,068.90 constitutes the reasonable cost of the medical treatment provided to Beasley, which Farmers was obligated to pay under the policy and PIP statute, is the threshold determination. This determination requires both statutory and contractual analysis, in conjunction with the facts, as to (1) the significance and applicability of the contractual discounts available to BCBS when it paid the providers less than the charges billed to Beasley, and (2) the payment's impact on Farmer's obligation under the policy and PIP statute. To conclude, as Farmers requests, that Beasley suffered no actual harm as a matter of law, would require us to make a merits based determination as to the legal effect of the BCBS contractual discount on Farmer's obligation under its policy with Beasley and the plain language of the PIP statute. A plea to the jurisdiction is not a mechanism for us to make this determination. It is only intended to explore whether there is a jurisdictional reason why the merits of the case should not be reached. Blue , 34 S.W.3d at 554.
Accordingly, our review in this proceeding is limited to whether the trial court erred in finding that Beasley failed to plead a cognizable injury. We conclude that he did so by alleging submission of medical expenses, which were averred to be reasonable, that exceeded the PIP limits available under the policy and Farmer's payment of a lesser sum which he alleged to be actionable both contractually and statutorily under the DTPA and Insurance Code. We determine these facts allege an actual injury that is not hypothetical, but which is concrete, particularized, and personal to Beasley. See Linegar , 495 S.W.3d at 279. Any other conclusion would require a determination of the merits of Beasley's case which would be premature at this point in the proceedings.
As a result, we conclude that Beasley's petition on its face affirmatively demonstrates the trial court's jurisdiction. See Miranda , 133 S.W.3d at 226-27. For this reason, the trial court erred in granting Farmers's plea to the jurisdiction and dismissing Beasley's case.[3] We sustain Beasley's *106 first and second issues.[4]
DISPOSITION
Having sustained Beasley's first and second issues, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

The court of appeals conjectured that Forth made her decision to disclaim monetary damages to make the remedies of the members of her putative class more similar and thus to keep alive her hope of having the class certified. Forth , 151 S.W.3d at 734 n.1.

While we understand that the remainder of the policy limit allegedly due is $1,431.10, Beasley's petition alleges that the difference is $1,432.10.

The parties spent considerable time in both their briefs and arguments discussing whether the discounts given to a medical insurer constitute a collateral source and whether those discounts can be considered by a PIP insurer. Because the existence of a collateral source goes to the merits of the case, i.e., whether Farmers breached the contract, we need not consider it here. See Blue , 34 S.W.3d at 555.

The trial court summarily dismissed all of Beasley's claims when it determined that he had not suffered an injury on his breach of contract claim. Because the only element challenged was whether Beasley suffered an injury, we need not discuss Beasley's DTPA claims separately. See Tex. R. App. P. 47.1 ; Tex. Ins. Code Ann. § 541.151 (West 2009) (cause of action for deceptive insurance practices includes element that defendant's act or practice was producing cause of actual damage); Provident Am. Ins. v. Castañeda , 988 S.W.2d 189, 193 (Tex. 1998).